Filed 3/19/15  P. v. Rupp CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>JACQUELINE R. RUPP,<br><br>　　Defendant and Appellant. | D066718<br><br><br><br>(Super. Ct. No. SCD255753) |


APPEAL from a judgment of the Superior Court of San Diego County, Polly H. Shamoon and Timothy R. Walsh, Judges.  Affirmed.


Cannon & Harris and Donna L. Harris, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Jacqueline R. Rupp appeals from a judgment following her guilty plea to a single count of possession of methamphetamine for purpose of sale (Health & Saf. Code, § 11378).  Appointed appellate counsel filed a brief presenting no argument for reversal,

but inviting this court to review the record for error in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Rupp has not responded to our invitation to file a supplemental brief. After having independently reviewed the entire record for error as required by *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *Wende*, we affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

Arising out of a theft of merchandise at Walmart and the subsequent discovery of drugs in Rupp's vehicle,[1] Rupp was charged with possession for sale of heroin (Health & Saf. Code, § 11351); possession of heroin (*id*., § 11350, subd. (a)); possession for sale of methamphetamine (*id*., § 11378); possession of methamphetamine (*id*., § 11377, subd. (a)); burglary (Pen. Code, § 459); grand theft of personal property (*id*., § 487, subd. (a)); petty theft with prior theft convictions (*id*., §§ 484, 666, subd. (a)); and driving with a suspended license (Veh. Code, § 14601.2, subd. (a)). The information further alleged three probation denial priors. (Pen. Code, § 1203, subd. (e)(4).)

On June 25, 2014, Rupp pled guilty to possession for sale of methamphetamine (Health & Saf. Code, § 11378), and the People dismissed the remainder of the complaint. The guilty plea form that Rupp signed stated that the People had agreed that Rupp would be sentenced to 16 months in local custody, and the trial court recited that agreement on the record when taking Rupp's guilty plea. As the factual basis for the guilty plea, Rupp stated that she knowingly possessed methamphetamine for the purpose of sale.

---

[1]   We base our factual description on the probation officer's report and the preliminary hearing transcript.

The trial court sentenced Rupp to 16 months in local custody and ordered that the sentence be served concurrently with the sentences in three other cases. At sentencing the trial court rejected Rupp's request that she be placed on probation with a reference to drug court.

Rupp filed a notice of appeal and obtained a certificate of probable cause from the trial court for the appeal. In the request for the certificate of probable cause, Rupp stated that she was not adequately advised by her attorney of the consequences of her plea or the possibility of a *Marsden* hearing (*People v. Marsden* (1970) 2 Cal.3d 118).

II

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings in the trial court. Counsel presented no argument for reversal but invited this court to review the record for error in accordance with *Wende*, *supra*, 25 Cal.3d 436.

Pursuant to *Anders*, *supra*, 386 U.S. 738, counsel identified as a possible but not arguable issues (1) whether the trial court abused its discretion by denying Rupp's request for a grant of probation with a referral to drug court; and (2) whether the record on appeal supports a claim that Rupp received ineffective assistance of counsel as to the consequences of her plea.

After we received counsel's brief, we gave Rupp an opportunity to file a supplemental brief, but Rupp did not respond.

A review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Anders*, *supra*, 386 U.S. 738, including the issue suggested by counsel, has disclosed no

3

reasonably arguable appellate issue.  Rupp has been adequately represented by counsel on this appeal.

## DISPOSITION

The judgment is affirmed.


IRION, J.

WE CONCUR:


HUFFMAN, Acting P. J.


O'ROURKE, J.

4